UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

DEKATOR M. THORPE )
)
    *Plaintiff,* )
)
v. ) No. 1:07-cv-155
) *Collier/Lee*
FRED RAGOZZINE, Corrections Corp. )
of America, Silverdale, Food Service )
Director; DAN HOBBS**,** Warden; Each Party )
Is Sued In Their Official And Individual )
Capacities; )
)
    *Defendants.* )

## **MEMORANDUM AND ORDER**

The court is in receipt of a *pro se* prisoner's civil rights complaint filed pursuant to 42 U.S.C. § 1983. Seeking monetary relief, plaintiff Dekator M. Thorpe ("Thorpe"), an inmate at the Columbia County Jail in Portage, Wisconsin who was formerly incarcerated at Corrections Corporation of America ("CCA") at Silverdale, in Chattanooga, Tennessee, brings this *pro se* civil rights action against two defendants–officials or employees of CCA at Silverdale. Thorpe contends that although Chaplain Lewis advised Fred Ragozzine ("Ragozzine") that Thorpe was a Gnostic inmate who had requested a vegan diet for religious purposes, Ragozzine did not consistently comply with vegan dietary restrictions (Court File No. 2, Exhibit A).[1] Thorpe asserts defendants failed to provide him meals prepared in accordance with the dietary law of his religion. Specifically, Thorpe complains that defendants failed to provide him vegan meals which were sufficient to meet his dietary needs, thus causing him to lose 40 lbs. during his incarceration at CCA.

---

    [1]     The vegan diet restriction prohibits all animal products of any kind, including meat and no dairy products.

**I.      Application to Proceed In Forma Pauperis**

It appears from the application to proceed in forma pauperis submitted by Thorpe that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Thorpe is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Thorpe is an inmate or prisoner in custody at the Columbia County Jail, he will be **ASSESSED** and **SHALL** pay the full civil filing fee of three-hundred and fifty dollars ($350.00) pursuant to the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Thorpe's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

(a)     twenty percent (20%) of the average monthly deposits to Thorpe's inmate trust account; or

(b)     twenty percent (20%) of the average monthly balance in Thorpe's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Thorpe's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the Sheriff and Custodian of Inmate Trust Fund Accounts at Columbia County Jail, the Commissioner of the Wisconsin Department of Correction, and the Attorney General for the State of Wisconsin to

ensure the custodian of Thorpe's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of the plaintiff shall collect the filing fee as funds become available. This order shall become a part of inmate Thorpe's file and follow the inmate if he is transferred to another institution. The agency having custody of the plaintiff shall continue to collect monthly payments from plaintiff's prisoner account until the entire filing fee of $350.00 is paid.

The plaintiff is **ORDERED** to notify this Court and defendants or defendants' attorney of any change of address if he is transferred to another institution, and to provide the prison officials at any new institution with a copy of this order. Failure of the plaintiff to notify this Court of an address change and/or the new prison officials of this order and outstanding debt will result in the imposition of appropriate sanctions against plaintiff without any additional notice or hearing by the Court.

## II. Service of Complaint

The Clerk is **DIRECTED** to send the plaintiff service packets (a blank summons and USM 285 form) for each defendant named in this action. The plaintiff is **ORDERED** to complete the service packet and return it to the District Court Clerk, Room 309, Chattanooga, TN 37402, within **twenty (20) days** of the date of receipt of this order. The summonses will then be signed and sealed by the Court Clerk and forwarded to the United States Marshal for service. Fed. R. Civ. P. 4. Thorpe is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

Defendants **SHALL** answer or otherwise respond to the complaint within **thirty (30) days** from the date of service.

Thorpe is **ORDERED** to inform the Court, and the defendants or defendants' counsel of record, immediately of any address changes. Failure to provide a correct address to this Court within **ten (10) days** following any change of address will result in the dismissal of this action.

ENTER:

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**