UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| DEKATOR M. THORPE | ) |
|     *Plaintiff*, | ) |
| v. | ) No. 1:07-cv-155 |
| | ) *Chief Judge Curtis L. Collier* |
| FRED RAGOZZINE, Corrections Corp. of America, Silverdale, Food Service Director; DAN HOBBS, Warden; Each Party Is Sued In Their Official And Individual Capacities; | ) |
|     *Defendants*. | ) |

**MEMORANDUM**

Dekator M. Thorpe ("Thorpe") has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Court File No. 2). Plaintiff brings suit against Mr. Fred Ragozzine ("Mr. Ragozzine") and Warden Dan Hobbs ("Warden Hobbs"). Thorpe, a Seventh Day Adventist, alleges Defendants violated his constitutional rights when they failed to consistently provide him with "a vegan diet for religious purposes[.]" (Court File No. 2, p. 3-4). Defendants contend Thorpe's complaint must be dismissed because he failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e.

Initially, the Court observes that Mr. Ragozzine filed a motion which he entitled a motion to dismiss (Court File No. 19). However, since he has presented matters outside the pleadings in support of his dispositive motion, the motion will be treated as a motion for summary judgment. Fed.R.Civ.P. 12(d). For the following reasons, Plaintiff's complaint will be **DISMISSED** (Court File No. 2) and Defendants' motions for summary judgment will be **GRANTED** (Court File No. 19 & 20).

## I. Standard of Review

### A. *Pro Se* Pleadings

*Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, *pro se* status does not exempt a plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995).

Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997). A complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard*, 76 F.3d at 726; *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Lillard*, 76 F.3d at 726 (citations omitted).

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Section 1915(e)(2) provides the Court must dismiss a case at any time if the Court determines it is frivolous or fails to state a claim upon which relief can be granted.

**B.	Screening Pursuant to 28 U.S.C. §§ 1915A and 1915(e)**

> When screening a prisoner complaint, a district court must examine both § 1915(e)(2) and § 1915A. If the civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief. 28 U.S.C. § 1915A. Should the complaint contain any allegations that do not fall within § 1915A, the district court must then examine the complaint under § 1915(e)(2). The requirements of §1915(e)(2) overlap the criteria of § 1915A. Section 1915A is restricted to prisoners who sue government entities, officers, or employees. In contrast, § 1915(e)(2) is restricted neither to actions brought by prisoners, nor to cases involving government defendants. Further, § 1915A is applicable at the initial stage of the litigation, while § 1915(e)(2) is applicable throughout the entire litigation process. A case that may not initially appear to meet §1915(e)(2) may be dismissed at a future date should it become apparent that the case satisfies this section. Thus, in prisoner cases, the district court must first examine a complaint under § 1915A and then review the complaint under § 1915(e)(2) before the case can proceed in due course. A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners. The dismissal of a complaint under §1915(e)(2) or § 1915A does not negate a prisoner's obligation to pay the filing fee in accordance with § 1915(b)(1)(2). See In re Tyler, 110 F.3d [528], 529-30 [(8th Cir. 1997)]. We make it explicit: a court's responsibility under the Prison Litigation Act is to first examine the financial status of a prisoner and make the assessment of fees. After the fees have been assessed, the merits of a complaint or appeal may be reviewed. Our mandate, however, does not prevent a district court from making the fee assessment and conducting the screening process in the same opinion or order.

*McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

**III.	Facts**

3

Thorpe, a Seventh Day Adventist, requested a vegan diet upon his arrival at Corrections Corporation of America, Silverdale. Thorpe's diet was approved by Chaplain Gene Lewis. However, Thorpe's "diet was a hit and miss as the food service didn't always get [his] dietary needs to [him]." (Court File No. 2, p. 4). On January 28, 2007, Thorpe completed a Request for Medical Services requesting to see the Assistant Warden. The disposition reflects that on February 6, 2007, Food Services and Assistant Warden Corlew met with Thorpe to correct the vegan diet issue (Court File No. 2, Exhibit E). Thorpe completed another request for medical services form on February 26, 2007, stating he had not received a response to the grievance he filed on or about February 1, 2007, about his vegan diet (Court File No. 2, Exhibit D). The disposition section reflects that on March 4, 2007, his grievance was logged and brought to the attention of the Food Manager.

Thorpe requests compensatory and punitive damages. He requests an award of $125.00 per day for the approximately two hundred and forty days he was incarcerated at CCA Silverdale.

## IV.    Exhaustion of Administrative Remedies Pursuant to 42 U.S.C. § 1997(e)

The Prison Litigation Reform Act ("PLRA") amended 42 U.S.C. § 1997e to require prisoners to exhaust administrative remedies before filing suit:

> 1997e. Suits by prisoners
>
> (a) Applicability of administrative remedies
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The PLRA mandates early judicial screening of prisoner complaints and requires prisoners to exhaust prison grievance procedures before filing suit. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e.

Defendants contend Thorpe did not file any formal grievances or grievance appeals concerning his religious diet and, therefore, did not exhaust the administrative remedies available

4

to him prior to initiating this litigation as required by 42 U.S.C. 1997e. Mr. Jeremy Phillips ("Mr. Phillips"), Quality Assurance and ACA Accreditation Manager at CCA Silverdale, provided an affidavit in support of Mr. Ragozzine's motion to dismiss.[1] Mr. Phillips attached a copy of the CCA Inmate/Resident Grievance Procedures to his affidavit (Court File No. 20-2).[2] Thorpe has not filed a response to Defendants' motions, thus, he apparently does not dispute that he failed to fully exhaust his administrative remedies.[3] Moreover, in his complaint, he does not allege he pursued his religious diet claim through the complete administrative grievance procedure or that he exhausted his administrative remedies. He merely claims he filed two grievances regarding his religious diet claim.

The CCA policy regarding inmate/resident grievance procedures was submitted with Mr. Phillips affidavit (Court File No. 20-2). The grievance procedure at CCA begins with an informal procedure where the inmate files a 14-5A Informal Resolution Form (Court File No. 20-2, p. 6). A staff member is assigned to investigate the situation, to develop a resolution, and communicate it to the inmate within fifteen days from the date the 14-5A Form was submitted. If the inmate is dissatisfied with the resolution, he may then file a formal grievance on the 14-5B Inmate/Resident Grievance form, within five days of the response date listed on the 14-5A Informal Resolution form. The inmate must use the 14-5B Form and place it in a sealed envelope marked grievance and deliver

---

[1] Warden Hobbs relied upon the affidavit filed with Mr. Ragozzine's motion to dismiss.

[2] Mr. Phillips duties include, but are not limited to, oversight and management of the processing of inmate grievances and the daily operations of the CCA inmate grievance system utilized at Silverdale.

[3] Mr. Ragozzine's motion for summary judgment was filed on October 4, 2007, and Warden Hobbs' motion was filed on December 12, 2007.

it to the grievance mail box. If the inmate is not satisfied with the resolution of his formal grievance, he may complete the appeal section of the 14-5B form and resubmit the grievance. The inmate must file the appeal within five days from the response date listed on the 14-5B Form. (Court File No. 20-2, pp. 8-11).

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 918-19, 166 L.Ed.2d 798 (2007). Although failure to exhaust is an affirmative defense under the PLRA and inmates are not required to specially plead or demonstrate exhaustion in their complaint, they must demonstrate exhaustion when a defendant raises the defense. *Id.* at 921. Thus, once failure to exhaust administrative remedies is raised by the defense, a plaintiff must set forth evidence to show he has complied with the requirements of exhaustion. To establish exhaustion of administrative remedies, a plaintiff must demonstrate he presented his grievance(s) "through one complete round" of the established grievance process. *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003). A prisoner who files a grievance but does not appeal to the highest possible administrative level, does not exhaust available administrative remedies. *See Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999).

Thorpe filed what the Court will interpret, as two informal grievances addressing his religious diet claim. However, the undisputed affidavit of Mr. Phillips reflects Thorpe has never filed a formal grievance or an appeal addressing his religious diet claim (Court File No. 20). Thorpe has not rebutted this showing by setting forth evidence explaining his failure to fully pursue his religious diet claim through each level of the prison grievance system or submitting evidence demonstrating he has, in fact, complied with the requirement of exhaustion. Under these

6

circumstances, Thorpe's complaint must be dismissed for failure to fully exhaust administrative remedies.

Because the Court concludes Thorpe's complaint must be dismissed because he has failed to demonstrate he complied with the exhaustion requirement of 42 U.S.C. § 1997e, the Court declines to address Mr. Ragozzine's alternative arguments for dismissal based upon Thorpe's alleged failure to provide the Court and defense counsel with a forwarding address and his alleged failure to properly serve Mr. Ragozzine.

Accordingly, the complaint will be **DISMISSED WITHOUT PREJUDICE** for failure to fully exhaust administrative remedies as required by 42 U.S.C. § 1997e (Court File No. 2), and the motions for summary judgment will be **GRANTED** (Court File Nos. 19 & 21).

An appropriate judgment will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**